■ In the Matter of SAMUEL S. HERSHFIELD et al., Respondents, v. THOMAS F. McCOY, as State Administrator of the Judicial Conference of the State of New York, Appellant.— Appeal from a judgment of the Supreme Court at Special Term, entered in New York County, in a proceeding under CPLR article 78, which annulled the appellant's evaluation of respondents' positions as Court Clerks III and directed appellant to re-evaluate the job classification to Court Clerk IV retroactively to July 1, 1966. This appeal has been transferred from the Appellate Division, First Department. As the result of the "Classification Plan—Unified Court System—New York City" adopted by the Administrative Board of the Judicial Conference of the State of New York under date of July 1, 1966 respondents have been classified in

the noncompetitive positions of Court Clerk III. They are respectively the Chief Jury 'Clerks of New York and Kings County, and urge that they should be classified 'Court Clerk IV. Job classification is, of course, a subjective matter in many respects. On the record before us, we cannot say that the action of the appellant was arbitrary or capricious. Without doubt, respondents operated large, administrative and important jury systems in their counties. That fact was recognized by reason of their status at a III level as opposed to their counter-parts in Bronx and Queens 'County being graded at a Court Clerk II level. The difference between Court Clerk II and Court Clerk III is largely determined by the number of subordinate employees and the volume of work. Appellant differentiates Court Clerk III and Court Clerk IV by the nature of the work and the responsibility involved. The essence of a Court Clerk III is that he has highly responsible administrative-legal technical duties as a supervisor of a very large separate court location. Among other responsibilities, he "may supervise empaneling juries for an entire judicial district where the volume of litigation is unusually great". That specification is the one objective measure in the job description of Court Clerk III and it accurately described the major responsibility of these respondents. A Court Clerk IV on the other hand performs administrative duties of the widest scope "subordinate in nature only to the duties of the Chief or Deputy Chief of the Court". He must co-ordinate "the activities of all locations of the Civil Court of New York" and "may supervise a very large and important term of the Supreme Court; or may direct a combined special and trial term calendar operation of the broadest scope and volume". His duties are administrative in nature with respect to the operation of several courts or highly important terms of court. They are not solely related to the handling of a separate court location or jury panel. The respondents are the heads of an important part of a court. That does not mean they must be evaluated to the highest noncompetitive level. Of the 5,000 nonjudicial employees within the City of New York, there are only 18 Court Clerk IV's, none of whose job responsibilities (as far as appears from their titles) would appear to be similar to those of respondents. Judgment reversed, on the law and the facts, and petition dismissed, without costs. Reynolds, J. P., Staley, Jr., Greenblott, Sweeney and Simons, JJ., concur.